UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH MITCHELL, et al.,<br>Plaintiffs,<br>v.<br>SAN ANTONIO CREEK LLC AND DANIEL TULIPANI,<br>Defendants. | No 2:23-cv-02467-TLN-DB<br><br>**ORDER** |

This matter is before the Court on a Motion to Withdraw as Attorney for Plaintiff Elizabeth Castillo ("Plaintiff") filed by Charlene Tsai and Glenn M. Kenna of Clayeo C. Arnold, PC ("Counsel"). (ECF No. 34.) The motion is unopposed. For the reasons set forth below, the Motion to Withdraw is GRANTED.

The Local Rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.*

Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind Inc.*, No. 09-cv-01174-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this Circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g., Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Counsel has satisfied Local Rule 182(d). Counsel provided notice to Plaintiff and parties. (ECF No. 34-2.) Counsel also filed a declaration with Plaintiff's last known address. (*Id.*)

Additionally, Counsel states that withdrawal is proper under the California Rules of Professional Conduct ("CRPC") and that withdrawal is mandatory. (ECF No. 34-1.) CRPC Rule 1.16(a) enumerates four specific circumstances in which withdrawal of counsel is mandatory. Although Counsel's motion is scant, the Court presumes the dearth of detail preserves client privilege and confidentiality, and it has no reason to doubt one of the four mandatory reasons for withdrawal applies here. (*See id.*) Accordingly, the Court finds good cause for Counsel to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiff in granting this motion, as there are no motions pending in this case, discovery has not yet closed, deadlines were recently extended (ECF No. 38), and Plaintiff has sufficient time to find alternate counsel. The other parties in this case have not opposed this motion to state any claim of prejudice by this withdrawal. Lastly, the Court cannot identify any harm to the administration of justice that would result from granting the motion to withdraw.

For the foregoing reasons, the Motion to Withdraw (ECF No. 34) is GRANTED. The Clerk of Court shall reflect this change on the Court's docket and shall serve Plaintiff Elizabeth

Castillo with this Order at 2030 Cedar Avenue, Long Beach, CA 90806.

Until or unless substitute counsel appears, Plaintiff shall appear in propria persona and shall be responsible for complying with all applicable Federal Rules of Civil Procedure and the Local Rules and all orders of this Court. Plaintiff shall keep the Court and all parties advised of her current mailing address and contact information. Failure to do so may result in sanctions or dismissal of her claims. L.R. 183.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE